**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COUNTRY JOE STEVENS, AKA Singing Horse, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> HOWARD SKOLNIK; et al., <br><br> Defendants - Appellees. | No. 14-16146 <br><br> D.C. No. 3:09-cv-00227-RCJ-WGC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted August 25, 2015[**]

Before:      McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Nevada state prisoner Country Joe Stevens, aka Singing Horse, appeals pro

se from the district court's summary judgment in his action under the Religious

Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and 42 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1983 alleging violations in connection with the confiscation and destruction of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Stevens's RLUIPA claim because Stevens failed to raise a genuine dispute of material fact as to whether the prison regulation requiring him to store religious property in a labeled box with an inventory form, and defendant Bauman's enforcement of the policy, substantially burdened his ability to exercise his religion. *See* 42 U.S.C. § 2000cc–1(a)(1)-(2); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (prisoner has initial burden to demonstrate that prison policies "constitute a substantial burden on the exercise of his religious beliefs"); *Warsoldier*, 418 F.3d at 996 (prison policy imposes substantial burden when it "intentionally puts significant pressure on inmates . . . to abandon their religious beliefs").

The district court properly granted summary judgment on Stevens's First Amendment claim because Stevens failed to raise a genuine dispute of material fact as to whether the regulations were reasonably related to legitimate penological interests, and whether the regulations applied to his possessions. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

The district court properly granted summary judgment on Stevens's equal

14-16146

protection claim because Stevens failed to raise a genuine dispute of material fact as to whether Bauman intentionally discriminated against him on the basis of race or religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (a § 1983 plaintiff must show that officials intentionally acted in a discriminatory manner to establish an equal protection), *abrogated on other grounds as stated in Shakur*, 514 F.3d at 884-85; *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Stevens's contention that the magistrate judge and district court judge were biased against him.

**AFFIRMED.**

14-16146